NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000170
10-APR-2019
09:37 AM**

NO. CAAP-19-0000170

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MID PAC PETROLEUM, LLC., Plaintiff-Appellee, v.
LANCE KAMUELA GOMES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5RC-19-1-000130)

ORDER GRANTING MARCH 14, 2019 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon consideration of (1) Plaintiff-Appellee Mid Pac Petroleum, LLC's, (Mid Pac Petroleum) March 13, 2019 motion to dismiss appellate court case number CAAP-19-0000170 for lack of appellate jurisdiction, (2) the record, and (3) the lack of any memorandum by Defendant-Appellant Lance Kamuela Gomes (Gomes) in response to Mid Pac Petroleum's March 13, 2019 motion to dismiss, it appears that we lack appellate jurisdiction over Gomes's appeal from district court Civil No. 5RC-19-1-000130, the Honorable Michael K. Soong presiding, because the district court has not yet had an opportunity to adjudicate Plaintiff-Appellee Mid Pac Petroleum, LLC's, February 25, 2019 complaint.

Gomes is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016).

Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal

lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). An appealable final order or final judgment in a district court case must be in writing. Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court."

At the time when Gomes filed his March 13, 2019 notice of appeal, the district court had not entered any written order on any decision. Absent an appealable final order or final judgment, Gomes's appeal is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that Mid Pac Petroleum's March 13, 2019 motion to dismiss is granted, and appellate court case number CAAP-19-0000170 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 10, 2019.

Presiding Judge

Associate Judge

Associate Judge

2